United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHANIE ALLEN and ROSETTA STONE, LTD,<br><br>    Plaintiffs,<br>v.<br><br>OE SERVICES, LLC d/b/a OPEN ENGLISH, LLC,<br><br>    Defendant.<br>_____/ | **No. C  13-2460 RS**<br><br>**ORDER VACATING HEARING AND REFERRING MATTER FOR RELATED CASE DETERMINATION** |

Plaintiff Stephanie Allen was previously employed by defendant OE Services, LLC ("Open English").  She and her current employer, Rosetta Stone, Ltd, filed this action in San Francisco Superior Court in response to Open English's attempt to enforce an alleged non-competition agreement against her.  After removing to this court, Open English moved to dismiss, arguing among other things that Rosetta Stone, Allen, and another former Open English employee who is now working for Rosetta Stone, have engaged in forum shopping and have created a "morass of duplicative lawsuits in jurisdictions across the country, involving the same Open English Employment Agreement."  The other lawsuits to which Old English points include *Wilson v. OE Services, LLC*, 4:13-CV-01653-PJH, also originally filed in San Francisco Superior Court and removed by Open English to this district.

Although the claims for relief in *Wilson* are not identical to those asserted here, it similarly is brought by Rosetta Stone and a former Old English employee seeking to establish the employee's right to work for Rosetta Stone. Additionally, Rosetta Stone, Allen, and the individual plaintiff in *Wilson* are all defendants in an earlier-filed action in Florida brought by Old English involving the same non-compete issues.

Under these circumstances, the parties were obligated by Civil Local 3-12(b) to file an Administrative Motion to Consider Whether Cases Should be Related, so that the judge presiding over the earlier-filed *Wilson* matter could make a determination whether this action should be related thereto. In light of the fact that Old English expressly relied on the relationship among the cases as a factor supporting its motion to dismiss or stay, its failure to comply with Rule 3-12(b) is particularly puzzling.

The ultimate determination as to whether the matters are related within the meaning of Rule 3-12(a) is for the judge presiding in *Wilson* to make, and nothing in this order is intended to pre-judge that question. To allow that decision to be made, however, the matter will be referred pursuant to Civil Local Rule 3-12(c) to the Honorable Phyllis J. Hamilton. The hearing date for the pending motion to dismiss or stay, and the motion to remand, are vacated. The date will be reset in the event this action is not ordered related to *Wilson*. If the matters are found to be related, the parties must renotice the motions after reassignment in accordance with the Local Rules or in such manner as Judge Hamilton may direct.

IT IS SO ORDERED.

Dated: 8/1/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE